IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:25-MC-00001-KDB-DCK *SEALED*

| | |
|---|---|
| LISA MILLER,<br><br>Petitioner,<br><br>v.<br><br>FNU LNU,<br><br>Respondents. | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Preemptive Motion for Notice of Retaliation, First Amendment Protections, and Verified Petition to Preserve Evidence Under Rule 27 (Doc. No. 1), Motion to Stay State Court Proceedings in 17 CVD 328 (Doc. No. 2), Motion for Leave to Serve Rule 36 Admissions and Use of Court File Number for Public Records Requests (Doc. No. 5), and Magistrate Judge David Keesler's Memorandum and Recommendations ("M&R") (Doc. No. 6), which recommends that the Motions be denied. Petitioner timely filed her objection to the M&R. (Doc. No. 8), and simultaneously filed Motions for ADA Accommodations, Whistleblower Protections, Use of Rules 27 and 36 and to Compel Public Records Release (Doc. No. 9) and to Compel Judicial Acknowledgement of Relator Status (Doc. No. 10). Because Petitioner timely filed her objections to the M&R, the Court will **STRIKE** its Order dated June 3, 2025 (Doc. No. 7). The Court has carefully considered all of Petitioner's motions and exhibits, and for the reasons below, will **DENY** the motions, and **DISMISS** the matter.

**I. BACKGROUND**

Petitioner alleges that she is a "documented whistleblower" (Doc. No. 1) and has filed numerous "pre-action" motions. *See* Doc. No. 2-1 at 1. Among other things, Petitioner claims to

1

be asking the court to "preserve evidence" that she has attached to her various motions, which are all related to a current North Carolina Superior Court litigation in which she is alleging court misconduct, retaliation, and "concealment of federally relevant information." Doc. No. 2. While there is limited factual background contained in the M&R, Petitioner objects to it, alleging that it "misstates the procedural context" by failing to reference the "timing of filings" and the "sealed nature of the complaint," yet noting that "the Magistrate appears to treat this as a traditional complaint instead of a preservation petition …" Doc. No. 8 at 2. The Court finds that the lack of a discussion in the M&R of the timing of Petitioner's filings or their sealed nature does not prejudice Petitioner, and the Court will adopt the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject,

2

Case 5:25-mc-00001-KDB-DCK     Document 13     Filed 06/20/25     Page 2 of 4

or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Petitioner has filed numerous and repetitive motions, seeking to have the federal court system involve itself in her state court proceedings. *See* Doc. Nos. 9-10. The Court declines to do so. "For the federal court to charge headlong into the middle of a controversy already the subject of state court litigation risks [g]ratuitous interference with the orderly and comprehensive disposition of [the] state court litigation." *Mitcheson v. Harris*, 955 F.2d 235, 239 (4th Cir. 1992) (quoting *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 495 (1942)) (citation modified). "It hardly husbands scarce judicial resources to allow separate suits stemming from the same overall controversy and involving overlapping issues to proceed simultaneously on parallel tracks. The inefficiencies that could result are not hard to imagine." *Id.*

Moreover, there is no case or controversy before the Court: Petitioner has made it clear that her "motions" are not intended to be a Complaint; she has not filed a separate Complaint, has not identified or properly served any Defendant-Respondent, and indeed is proceeding to litigate in the state courts. With no active case or controversy, the Court therefore lacks the jurisdiction with which to rule on Petitioner's motions and will **DENY** them without prejudice and dismiss the matter.[1]

---

[1] Fed. R. Civ. P. 2 and 3 provide that the only cognizable "form of action" is "the civil action," which does not commence until a complaint has been filed. Thus, "where a plaintiff seeks relief from the court without filing a complaint, the court generally lacks jurisdiction to provide the requested relief." *Liberty Mut. Grp., Inc. v. Wright*, No. CIV.A. DKC 12-0282, 2012 WL 718857, at *3 (D. Md. Mar. 5, 2012) (citing *In re Warrant Authorizing Interception of Oral Commc'ns Within the Premises Known as 165 Atwells Ave., Providence, R.I.,* 673 F.2d 5, 7 (1st Cir. 1982) ("But since no complaint was ever filed in this case, the [district] court did not have jurisdiction over any ordinary civil action."); *Cook v. SEC,* 664 F. Supp. 2d 997, 998 (D. Minn.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Court Order Denying Petitioner's Motions (Doc. No. 7), is **STRIKEN**;

2. Petitioner's Preemptive Motion for Notice of Retaliation, First Amendment Protections, and Verified Petition to Preserve Evidence Under Rule 27 (Doc. No. 1) is **DENIED**;

3. Petitioner's Motion to Stay State Court Proceedings in 17 CVD 328 (Doc. No. 2) is **DENIED**;

4. Petitioner's Motion for Leave to Serve Rule 36 Admissions and Use of Court File Number for Public Records Requests (Doc. No. 5) is **DENIED**;

5. Petitioner's Motion for ADA Accommodations, Whistleblower Protections, Use of Rules 27 and 36 and Motion to Compel Public Record Release (Doc. No. 9) is **DENIED**;

6. Petitioner's Motion to Compel Judicial Acknowledgement of Relator Status, Statutory Seal, and FCA Jurisdiction (Doc. No. 10) is **DENIED**; and

7. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 20, 2025

Kenneth D. Bell
United States District Judge

---

2009) (denying a plaintiff's motion to stay an investigation by the SEC where "no complaint ha[d] been filed" because the "Federal Rules ... restrict original jurisdiction ... to a single form of action that is commenced ... only by filing a complaint with the court"); *Adair v. England,* 193 F.Supp.2d 196, 200 (D.D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition.") (citations modified).